IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-46-BO

STATE OF NORTH CAROLINA,         )
                Plaintiff,    )
                               )
v.                               )    ORDER
                               )
WILLIAM SCOTT DAVIS, JR.,        )
                Defendant.    )

This cause comes before the Court on the memorandum and recommendation of United States Magistrate Judge James E. Gates regarding frivolity review pursuant to 28 U.S.C. § 1915(e)(2). Defendant has moved to vacate the memorandum and recommendation (M&R), and the matter is ripe for review. For the reasons discussed below, the Court adopts the M&R and remands this matter to state court. Defendant's remaining motions for recusal of Magistrate Judge Gates, to stay, and for extension of time are denied.

## BACKGROUND

Defendant, Mr. Davis, is seeking, again, to remove a criminal action brought against him in Wake County Superior Court. Mr. Davis has already attempted to remove the same criminal action to this court. *See* No. 5:14-CV-7-F. That action was remanded to Wake County Superior Court as, *inter alia*, being untimely removed.

## DISCUSSION

A claim proceeding *in forma pauperis* may be dismissed at any time if it is frivolous. 28 U.S.C. § 1915( e )(2)(B)(i). A complaint is frivolous if "it lacks an arguable basis either in law

or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may also consider subject matter jurisdiction on frivolity review. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). To make a frivolity determination, a court may designate a magistrate judge "to submit . . . proposed findings of fact and recommendations" for the disposition of a variety of motions. 28 U.S.C. § 636(b)(1)(B).

A district court is required to review de novo those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). De novo review is not required when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the magistrate judge's recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Further, when "objections to strictly legal issues are raised and no factual issues are challenged, de novo review may be dispensed with." *Id.*

Mr. Davis has sought to vacate the M&R [DE 8], which the Court construes liberally as a response. In his motion to vacate, Mr. Davis makes no specific objections to the basis for Magistrate Judge Gates' recommendation that this matter be remanded, other than by arguing the Judge Gates is biased and should have recused himself. However, neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of [earlier] proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Mr. Davis has presented nothing that would persuade the Court that Judge Gates has acted with any bias in this matter, and thus the Court denies his motion for recusal.

The Court finds no plain error in Magistrate Judge Gates' recommendation that this

2

matter be remanded pursuant to 28 U.S.C. § 1447(c). Defendant was convicted following a trial on September 9, 2009. Removal of a criminal matter from state court must be filed no later than thirty days after arraignment or before trial. 28 U.S.C. § 1455. Mr. Davis' removal of this action is therefore plainly untimely, and remand is required.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the M&R [DE 5]. Accordingly, for the reasons discussed therein, this matter is REMANDED in its entirety to Wake County Superior Court. Defendant's motion for recusal of Magistrate Judge Gates [DE 7] is DENIED. Defendant's remaining pending motions [DE 8, 9, 10] are DENIED AS MOOT.

On March 3, 2014, Judge Fox entered a pre-filing injunction against Mr. Davis in this district. *Davis v. Mitchel*, No. 5:12-CV-493-F (E.D.N.C.). Although it does not apply to this complaint, it will apply to any future filings submitted by Mr. Davis. Mr. Davis may, however, notice an of appeal of this order.

SO ORDERED, this **24** day of March, 2014.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3