IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM SCOTT DAVIS, JR. <br> v. <br> TOWN OF CARY, NC, et al. | Case No. 5:08-CV-00176-M |
| WILLIAM SCOTT DAVIS, JR. <br> v. <br> SCOTT WILKINSON | Case No. 5:11-CV-00031-M |
| WAKE COUNTY HUMAN SERVICES <br> v. <br> WILLIAM SCOTT DAVIS, JR. | Case No. 5:12-CV-00413-M |
| STATE OF NORTH CAROLINA, <br> v. <br> WILLIAM SCOTT DAVIS, JR. | Case No. 5:14-Cv-00046-M |
| WAKE COUNTY NC HUMAN SERVICES <br> v. <br> WENDY KIRWAN, et al. | Case No. 5:14-CV-00047-M |

## ORDER RE: MOTIONS TO REOPEN

This matter comes before the court on a handwritten Motion to Reopen pursuant to Rules 60(b)(3), (b)(4), (b)(6), and (d)(3) filed by William Scott Davis, Jr. ("Davis") with respect to the above-captioned cases. For the reasons that follow, the motions are denied.

Rule 60 of the Federal Rules of Civil Procedure governs requests for relief from judgment or order. Motions pursuant to Rule 60(b)(3) must be filed no more than one year after the entry of

judgment in a case. Here, Davis' requests for relief pursuant to Rule 60(b)(3) are untimely.[1] Fed. R. Civ. P. 60(c)(1).

Davis provides no basis on which to grant relief under 60(b)(4) (judgment is void), 60(b)(6) (any other reason that justifies relief), and 60(d)(3) (set aside a judgment for fraud on the court). Without identifying the part(ies), Davis accuses the "Defendant" of committing constitutional violations and fraud against the "Plaintiff." The court notes that in three of these five cases, Davis was the defendant and attempted to remove the cases from state court to this court. Davis also accuses individuals of illegal conduct who are not parties to the cases listed herein. The court finds Davis fails to persuade the court that he is entitled to relief from judgment or order pursuant to Rule 60.

For these reasons, the court DENIES the motions to reopen the closed cases captioned herein.

In addition, Davis has filed a "motion for Rule 11 sanctions" seeking sanctions against the Honorable Terrence W. Boyle in 5:08-CV-00176, over which Judge Boyle previously presided. Rule 11 of the Federal Rules of Civil Procedure governs the conduct of attorneys and pro se parties in federal court litigation. Davis fails to demonstrate he is entitled to seek "sanctions" against Judge Boyle under Rule 11 or any other federal civil procedure rule.

---

[1] Davis filed a similar motion pursuant to Rule 60 in 5:08-CV-00176-M [DE 100]. In that motion, he lists Rules 60(b)(1) and 60(b)(2) along with the other subsections noted herein; however, the one-year time limitation also applies to motions seeking relief under Rules 60(b)(1) and 60(b)(2). For the same reasons as those set forth herein, Davis' Rule 60 motion is DENIED.

2

Therefore, Davis' motion for Rule 11 sanctions is DENIED.

SO ORDERED this 2 day of August, 2021.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3